No. 28,039.

THE STANDARD OIL COMPANY, *Appellant,* v. BRIGGS FRANKLIN
REED et al., *Appellees.*

(266 Pac. 735.)

Opinion filed May 5, 1928.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston* and
*Henry V. Gott,* all of Wichita, for the appellant.

*John S. Dean* and *W. Glenn Hamilton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to require conveyance of real
estate on exercise by the lessee for a term of years of option to pur-
chase. Judgment was rendered for defendants, and plaintiff appeals.

On January 27, 1922, the owners leased to plaintiff the real estate
involved, which is located at the northeast corner of Tenth and
Quincy streets in the city of Topeka, and on which plaintiff desired
to erect and maintain a gasoline service station. The term was for
five years, beginning November 1, 1921, and the rent was $600 per
year, payable in advance in quarterly installments of $150 each.
The lessors were Elizabeth Reed, owner of a life estate, Briggs
Franklin Reed, owner of the remainder, and Reed's wife. The lease
contained the following provision:

"First: That the said party of the second part shall have the privilege of
purchasing the above-described property for the sum of ten thousand dollars

($10,000) at the expiration of this lease or at the demise of Elizabeth Reed, one of the parties of the first part, in event her demise occurs before the expiration of this lease; and in the event of the exercise of such option by said party of the second part, all parties of the first part agree to join in the execution of a proper deed of conveyance."

Elizabeth Reed died November 28, 1925. While she lived plaintiff paid the rent to her. The first installment of rent becoming due after her death was payable February 1, 1926. Plaintiff's service station agent, Cary Johnson, was a friend of the Reeds, and a pallbearer at Elizabeth Reed's funeral. Plaintiff maintains an agency in charge of sales and of service stations in Topeka, and Johnson informed the agent in charge of Elizabeth Reed's death. Reed resided at Ellensburg, Wash. On January 23, 1926, Reed wrote a letter to Johnson, stating that a check for rent for the quarter beginning February 1 would be made out by plaintiff, and requesting Johnson to communicate with the proper person and have the check sent direct to Reed at Ellensburg. Plaintiff maintains a general agency at Kansas City, Mo., one department of which has charge of real estate and leases in the territory in which Topeka is situated. Reed's letter reached that department January 30, and was answered by an authorized agent of plaintiff on February 1. The answer contained the following paragraph:

"In investigating our file, we find that our present lease will expire November 1, 1926, and we feel that some action should be taken in the near future regarding this renewal, or it might be possible to enter into negotiations for the purchase of it. If you are in position, will you kindly give us the lowest cash price that the property might be bought for at the present time, providing it is for sale."

The writer of the letter testified he learned of Elizabeth Reed's death sometime in the latter part of January. On February 2 or 3 he verified his information that Elizabeth Reed was dead by long distance telephone communication with Johnson, and was informed she died November 28, 1925.

Reed made no response to plaintiff's letter of February 1, and on April 12 plaintiff served notice of exercise of its option to purchase, as follows:

"This company hereby notifies you of its acceptance of and intention to exercise the option given it by you in a certain lease dated January 27, 1922, to purchase the following-described property located at the northeast corner of Tenth and Quincy street, Topeka, Kan., in the sum of $10,000. [Description.]

"Will you kindly have abstract of title brought down to date and submitted to this office for examination?"

Reed made no response, and on April 28 plaintiff sent Reed a registered letter reading as follows:

"Under date of April 12 we mailed you a registered letter notifying you of the acceptance of and intention of this company to exercise the option given it by you in a certain lease to purchase the property we are now occupying at the northeast corner of Tenth and Quincy street, Topeka, in accordance with the terms of the lease.

"We also requested in this letter that you kindly have the abstract of title brought down to date and submitted to this office. Having no reply to this letter, we are taking the liberty of sending you a duplicate, and in case the abstract has not already been sent, anything that you can do to hasten the matter will be greatly appreciated."

Plaintiff later sent telegrams to Reed asking when it might expect an abstract of title for examination, and on June 8 forwarded by registered mail notice of exercise of option to purchase identical with the first notice. Another notice of the same tenor was given August 16, and on that day plaintiff tendered to Reed $10,000, and tendered a deed for execution. At expiration of the lease, notice of exercise of option to purchase was served, and tenders of money and deed were duly made.

Plaintiff contends it was privileged to purchase on death of Elizabeth Reed if it so desired, or if it did not desire to purchase then, it could do so at expiration of the lease. The contention is unsound. In collocations of words such as the lease contains, the word "or" means one, but not both (Webster's New International Dictionary).

"Or: A disjunctive conjunction coördinating two or more words or clauses each one of which in turn is regarded as excluding consideration of the other or others." (The Century Dictionary.)

In this instance, "or" was used disjunctively with respect to two points in time, death of Elizabeth Reed, and expiration of lease, one of which excluded consideration of the other.

Plaintiff kept the lease in its vault in the Kansas City office. On learning of Elizabeth Reed's death, plaintiff investigated its files, noted the fact the lease expired November 1, 1926, and may not deny knowledge of the terms of the option to purchase. It first put out a feeler with respect to renewal of the lease, or negotiations to

purchase. Receiving no response, plaintiff then definitely exercised its option to purchase as of the time of the demise of Elizabeth Reed. The expression, "at expiration of this lease," meant at expiration of the term, and not at any time within the term. The landlord was entitled to rent to the end of the term, and could not be deprived of rent except by exercise of option to purchase on the occurrence of Elizabeth Reed's death. Plaintiff's persistent efforts to make effective exercise of option to purchase, not with respect to time of termination of lease, but with respect to time of Elizabeth Reed's death, have been recited. The petition contained the following allegations:

"That prior to the expiration of said lease, and on, to wit, the 28th day of November, 1925, the death of the said Elizabeth Reed occurred; that plaintiff had no knowledge of said death until on or about the first day of April, 1926; that upon hearing of the death of the said Elizabeth Reed as aforesaid, this plaintiff desiring to accept and exercise its said option to purchase said premises, . . . sent a notice of acceptance of its said option to the defendant, Briggs Franklin Reed, . . .

"That this plaintiff has been willing, ready and able to comply with said option agreement ever since it learned of the death of the said Elizabeth Reed as aforesaid, . . ."

The result is that, conceding plaintiff could purchase at death of Elizabeth Reed, or, in the event of her death, could wait to the end of the term, it was obliged to choose when it would purchase. It chose to purchase on the occurrence of death. Its privilege to choose was then exhausted, not by virtue of estoppel by election, but by virtue of the contract; and subsequent election of expiration of term as a time to buy was nugatory.

No interpretation of the lease more favorable to plaintiff than the one indicated is permissible. The court does not concede, however, that plaintiff had a choice of junctures at which it might purchase. It might choose to buy or not to buy; but time when it was required to buy, if at all, was fixed by the contract. There is nothing in the context to indicate that "or" was used in any other than its generally accepted sense of "otherwise" (Century Dictionary), and the meaning of the option is made manifest by transposing the alternatives to correspond with their time sequence, and substituting the equivalent word for the word "or":

That the party of the second part shall have the privilege of purchasing the above-described property for the sum of $10,000, at the demise of Elizabeth

Reed, in the event her demise occurs before the expiration of this lease; otherwise, at the expiration of this lease.

Plaintiff combats this interpretation by appealing to the circumstances under which the lease was executed. The circumstances enumerated are not, however, facts in evidence, but are assumptions and inferences from assumptions: "Judicial knowledge" that when the Standard Oil Company establishes a new service station, it "quite naturally expects that station to be permanent"; "reasonable to assume" that, before establishing a filling station, plaintiff used sufficient foresight to enable it to maintain that filling station permanently; "not unreasonable to assume" that right of purchase was the inducing cause of plaintiff's acceptance of the lease; "safe to assume" that when the lease was executed the property was not worth $10,000.

The lease was negotiated by a local agent of the company. Elizabeth Reed was a life tenant, whose death during the term was anticipated. While she lived the rent would be payable to her. At her death a change in title would occur, and the new owner would come into relation with plaintiff. He was resident of a distant state, and would be privileged to deal with the property to his own advantage, subject only to restrictions imposed by the lease. From his standpoint, certainty that when he became owner he would know whether plaintiff intended to buy, was a proper condition to attach to the option. Plaintiff could insure permanency of the service station by exercise of the option to buy, which was inserted in the lease through its foresight.

The answer pleaded that plaintiff's attempt to exercise its option was not made within a reasonable time, and the court so found. It is not necessary to review the authorities dealing with the subject of reasonable time as applied to option contracts. What this court regards as the clear weight of reason and authority is that when, as in this instance, time to exercise an option is fixed by contract, time is of the essence, in equity.

"In a contract of option the party giving the option protects himself only by a condition. There is no obligation on the other side to perform. The question here, therefore, is not one of condition implied in law, but of an express condition which must be strictly performed in order to hold the promisor liable. Accordingly the party entitled to the option must offer performance in accordance with its terms within the time fixed in order to obtain a right to equitable relief." (2 Williston on Contracts, § 853, p. 1634.)

Plaintiff's privilege was to purchase at death of Elizabeth Reed, or not at all. Nobody knew any better than plaintiff the contingency on which exercise of the privilege depended. Of course, privilege to purchase "at the demise of Elizabeth Reed" did not mean at the moment of her death, or before her funeral, but her death was the occasion for action if plaintiff desired to buy. Reed was under no duty to notify plaintiff of the happening of the contingency, and if plaintiff prefers to organize its business so that nobody in the locality can be charged with information affecting its highly important real estate interests, the preference is its own. Plaintiff says Elizabeth Reed was old and infirm when the lease was executed, and was not expected to live any great length of time. Leaving at one side the question whether some diligence should have been exercised to secure at least occasional information respecting the possible occurrence of an event of sufficient moment to mature a ten-thousand-dollar option, plaintiff knew in January that Elizabeth Reed was dead. On February 2 or 3, it had definite information that Elizabeth Reed died in November of the preceding year. Aside from the fact that plaintiff may not plead ignorance of the provision for purchase, it is a fair inference from the evidence that when the letter of February 1 was written the writer had the lease before him, or was familiar with its terms. Under these circumstances, that April 12, 1926, was not "at the demise of Elizabeth Reed," and that plaintiff did not exercise its option to purchase within a reasonable time after the demise of Elizabeth Reed, are matters too plain to require discussion.

The judgment of the district court is affirmed.